Filed 6/30/26  P. v. Ali CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)


| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>SERINA CIARA ALI,<br>        Defendant and Appellant. | C103312<br><br>(Super. Ct. No. CRF223054) |


Defendant Serina Ciara Ali appeals the trial court's denial of her request for probation and imposition of an aggregate prison sentence of four years four months.  Ali argues that given the unique circumstances of the case, the trial court abused its discretion in denying her request for probation.  We conclude Ali's failure to object in the trial court has forfeited her argument, nor has she established an exception to that forfeiture.  Finally, even if we considered the merits, Ali has not established an abuse of discretion.  We affirm.

## BACKGROUND

In October 2022, Ali consumed an unspecified number of alcoholic drinks at her brother's home.  She was still under the influence of those drinks when Ali attempted to drive home with her mother in the early morning hours.  She was generally unfamiliar with the area but was aware there was a stop sign coming up.  Ali decided to run the stop sign and did not see the other car's headlights until it was too late.  She hit the other car,

1

killing the driver, Toni Tilisha Keshun Morgan. Ali had been going 57 miles per hour but slowed to approximately 40 miles per hour before the crash. Ali's mother sustained broken ribs and lost consciousness in the accident. Ali's blood alcohol content two hours after the accident was .12 percent.

The People's September 2023 information charged Ali with gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a); count 1); driving under the influence causing injury (Veh. Code, § 23153, subd. (a); count 2); and driving with a blood alcohol content of .08 percent or more causing injury (Veh. Code, § 23153, subd. (b); count 3). For counts 2 and 3, the information also alleged that Ali had inflicted great bodily injury as defined by section 12022.7, subdivision (a).

In December 2024, Ali resolved the case by pleading guilty to counts 1 and 2, as well as admitting the enhancement allegation as to count 2. In exchange, the trial court dismissed count 3 and its associated enhancement on the People's motion. Ali's maximum sentencing exposure was 11 years and eight months.

Ali submitted a presentence brief asserting a grant of probation would be in the interests of justice considering her lack of a prior record, remorse, youth, abstention from alcohol, willingness to comply with the conditions of probation, and the negative impact her imprisonment would have on her son. Alternatively, Ali requested the trial court impose a low term sentence on count 1 and run the sentence for count two concurrent.

The probation department recommended against probation. The department identified various factors supporting probation: Ali had no prior criminal record, was remorseful, had expressed a willingness to comply with the terms of probation, and incarceration was likely to have adverse collateral consequences, including on her son. Factors weighing against probation included the seriousness of the circumstances of the offense and Ali's infliction of serious injury. Weighing all competing considerations, the probation department recommended a low term prison sentence of four years four months.

At the February 2025 sentencing, the trial court considered the factors concerning a grant of probation — including six factors weighing in favor of such a grant. Nonetheless, the court determined the factors weighing against a grant of probation — including Ali's excessive speed, high blood alcohol content, awareness of a stop sign in the area, and infliction of injury on multiple people — justified denying her request. As to the selection of terms, the court sentenced Ali to four years and four months in prison (the low term of 16 months on count 1, plus three years for the enhancement, and a concurrent term for count 2).

Ali timely appeals.

## DISCUSSION

Ali argues the unique circumstances of the case — including her acceptance of responsibility, remorse, and lack of a criminal record — justify a grant of probation and that the trial court abused its discretion in denying that request. She contends she might have received a different sentence had the victim come from a smaller family with a less persuasive story of loss.

We agree with the People that Ali has forfeited her arguments regarding the trial court's exercise of its discretion by failing to timely object following the trial court's decision. (*People v. Scott* (1994) 9 Cal.4th 331, 351-356.) As explained in *Scott*, "the right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*Id.* p. 351, italics omitted.) The rationale behind this rule is simple, "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing." (*Id.* at p. 353.) Included in these waivable issues are "complaints about the manner in which the trial court exercises its sentencing discretion." (*Id.* at p. 356.)

3

Here, the trial court gave a lengthy explanation of its weighing of the various factors concerning Ali's request for probation, ultimately denying her request. Following that explanation, Ali failed to object or otherwise identify any concerns with the trial court's reasoning. There is nothing in the record to suggest an objection would have been futile, counterproductive, or that Ali was otherwise prevented from having a meaningful opportunity to object. (*Scott*, p. 356; *People v. Zuniga* (1996) 46 Cal.App.4th 81, 84.) In fact, while the parties agreed that Ali should receive a low term sentence for count 1, the hearing continued for some time about whether Ali should receive a consecutive or a concurrent sentence for count 2. Accordingly, Ali's claim concerning the trial court's discretion in denying her probation request is forfeited. (*Scott*, p. 351.)

Moreover, the merits of Ali's arguments fail to establish an abuse of discretion.

" ' "A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." [Citation.] A court abuses its discretion "whenever the court exceeds the bounds of reason, all of the circumstances being considered." [Citation.] We will not interfere with the trial court's exercise of discretion "when it has considered all facts bearing on the offense and the defendant to be sentenced." ' [Citation] ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation...." ' (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)" (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.)

Here, Ali disagrees with the trial court's evaluation of her suitability for probation, highlighting her lack of a criminal record, remorse, and acceptance of responsibility for the offenses. She also takes issue with the persuasiveness of the victim's family's statements concerning their loss as a result of the victim's death. However, Ali has not shown the court's suitability determination exceeded the bounds of reason. (*People v. Kingston, supra*, 41 Cal.App.5th at p. 278.) So her claim fails on the merits, too.

4

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, ACTING P. J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.